IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


DAVID EUGENE GRAHAM,
      Plaintiff,

vs.                                Case No.  5:10cv27/RS/EMT

OFFICER M. NEEL, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 13).  Leave to proceed in forma pauperis has been granted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  See Oladeinde v. City of

Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the Second Amended Complaint, the court concludes that dismissal of this action is warranted.

I.      FACTS[2]

        Plaintiff, an inmate of the Florida Department of Corrections ("DOC"), was housed at the Northwest Florida Reception Center ("NWFRC") at all times relevant to this action (*see* Doc. 13 at 6–12).[3] He was housed at Santa Rosa Correctional Institution when he filed this action and subsequently transferred to Florida State Prison (*see* Docs. 1, 10). Plaintiff names five Defendants in this action, all of whom are employed at NWFRC: Inspector Brown, Major Leavins, Assistant Warden John Doe, Sergeant John Doe, and Officer Jane Doe (Doc. 10 at 1–3). On June 23, 2009,

---

        [1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

        [2] The undersigned conveys as facts those facts alleged by Plaintiff in his Second Amended Complaint (Doc. 13).

        [3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Plaintiff was stabbed multiple times by another inmate (*id.* at 6). The other inmate entered Plaintiff's dormitory with a homemade knife and stabbed him in the upper body (*id.*). The next day, Plaintiff was placed in administrative confinement for fighting (*id.*). Disciplinary proceedings ensued, which resulted in Plaintiff's placement in disciplinary confinement for thirty (30) days (*id.*). During Plaintiff's stay in disciplinary confinement, no one spoke to Plaintiff regarding the stabbing incident or otherwise investigated the incident (*id.*). Plaintiff was returned to open population; but he later "placed [him]self" back into confinement (*id.* at 6–7).

On August 17, 2009, during this second period of confinement, Plaintiff filed a grievance with Defendant Inspector Brown complaining that he was being denied placement in protective custody and requesting placement in protective custody (*id.* at 7). Inspector Brown refused to answer the grievance despite Plaintiff's warning (presumably in the grievance) that the inmate who stabbed him was a well known gang member, and he (Plaintiff) feared for his life because he saw the attacker's fellow gang members on the compound (*id.* at 7).

On September 1, 2009, Plaintiff filed a grievance with the warden's office, in which he complained that Inspector Brown had failed to answer his grievance (*id.*). He also complained that he was being denied placement in protective custody and requested placement in protective custody based upon the same information he provided to Inspector Brown (that is, that his attacker was a well known gang member, and he (Plaintiff) saw the attacker's fellow gang members on the compound and feared for his life) (*id.*). As a result, Plaintiff was interviewed by Defendant Officer Jane Doe and Defendant Sergeant John Doe (*id.* at 7–8). Plaintiff explained his fears of potential harm and violence from the inmate's fellow gang members (*id.* at 8). Officer Jane Doe and Sergeant John Doe told Plaintiff that the stabbing incident was being investigated; but they failed to take any precautionary measures to ensure Plaintiff's safety, such as placing him in protective custody (*id.*). Based upon this interview, Defendant Major Leavins and Defendant Assistant Warden John Doe denied Plaintiff's grievance (*id.* at 11). Soon thereafter, Plaintiff was returned to open population (*id.* at 8).

Plaintiff claims Defendants' failure to investigate the stabbing incident and failure to place him in protective custody constituted deliberate indifference to his safety, in violation of the Eighth Amendment (*id.* at 8–12, 14). He additionally contends Defendants' denial of protective custody

with no justifiable reason constituted an equal protection violation because other similarly situated inmates were placed in protective custody (*id.* at 10–13).  As relief, Plaintiff seeks nominal and punitive damages (*id.* at 14).

II.     ANALYSIS

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citations omitted).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  <u>Farmer</u>, 511 U.S. at 834.  To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety."  *Id.* at 837.   The risk "must be an objectively substantial risk of serious harm," <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1358 (11th Cir. 2003) (citing <u>Farmer</u>, 511 U.S. at 834, 844–45), one that is beyond mere possibility, <u>Brown v. Hughes</u>, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).

With regard to the required state of mind, "there must be at least some allegation of a conscious or callous indifference to [the] prisoner's rights, thus raising the tort to constitutional stature." <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting <u>Wright v. El Paso County Jail</u>, 642 F.2d 134, 136 (5th Cir. 1981)).  The official must be subjectively aware of the risk, <u>Cottone</u>, 326 F.3d at 1358 (citing <u>Marsh v. Butler County, Alabama</u>, 268 F.3d 1014, 1028 (11th Cir. 2001)), meaning that he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837.  Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer.  *Id.* at 842–43.  A mere negligent failure to protect an inmate does not state a claim under § 1983.  <u>Davidson v. Cannon</u>, 474 U.S. 344, 347–48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986).  "[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature." <u>Carter v. Galloway</u>, 352 F.3d 1346, 1349 (11th Cir. 2003).  An officer must have been aware of a "particularized threat or fear felt by [p]laintiff" in order to have the subjective knowledge necessary for a finding of liability.  *Id.* at 1350 (defendants'

awareness that plaintiff's cellmate was a problem inmate who was prone to violence and who had stated that plaintiff would assist in the cellmate's staged hanging "one way or another," was insufficient to establish Eighth Amendment liability).  A plaintiff's failure to give advance notice to prison officials of his fear of an inmate or of a specific threat is relevant to, although not dispositive of, this inquiry.  *See id.* at 1349–50; Farmer, 511 U.S. at 848.

It must also be shown that the prison official responded to the risk in an objectively unreasonable manner.  Cottone, 326 F.3d at 1358 (citing Farmer, 511 U.S. at 834, 844–45); Marsh, 268 F.3d at 1027 ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk.").  The officer must have a realistic opportunity to prevent the illegal conduct.  *See* Ensley v. Soper, 142 F.3d 1402, 1407–08 (11th Cir. 1998); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer, 511 U.S. at 844.  Finally, a plaintiff must show that the constitutional violation caused the injury.  Cottone, 326 F.3d at 1359 (citing Marsh, 268 F.3d at 1028).

Additionally, supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone, 362 F.3d at 1360 (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor" custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration. . . .'" <u>Gray ex rel. Alexander v. Bostic</u>, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. <u>Wayne</u>, 197 F.3d at 1106. Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." <u>Tittle v. Jefferson County Com'n</u>, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* <u>Harris v. City of Marion</u>, 79 F.3d 56, 58-59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." <u>Cottone</u>, 362 F.3d at 1360 (internal quotation marks and citation omitted). Moreover, where there is no support for any claims made against the supervisors in their individual capacities, there is no basis and no support for similar claims made against them in their official capacities. *See* <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1308–09 (11th Cir. 2009).

In the instant case, Plaintiff contends Inspector Brown's failure to investigate the attack by the other inmate and Defendants' failure to place him in protective custody after he informed them that he saw the attacker's fellow gang members on the compound constituted deliberate indifference to his safety. However, Plaintiff's factual assertions are insufficient to suggest that Defendants knew that releasing Plaintiff to open population, instead of placing him in protective custody, posed an excessive risk to his safety. Plaintiff's general expression of fear of fellow gang members, devoid of any indication that the fellow gang members had actually threatened him (and, if they had, the time, place and nature of the threats) or exhibited conduct suggesting that physical violence was imminent, is insufficient to suggest that Defendants knew that failing to investigate the attack or releasing Plaintiff to open population posed an excessive risk to his safety. As previously discussed, the existence of a mere possibility of harm is insufficient; the facts must show the existence of a

substantia risk of serious harm.  Moreover, Major Leavins and the Assistant Warden's reliance upon the report of Officer Jane Doe and Sergeant John Doe following their interview with Plaintiff is insufficient to show a causal connection between the action of these two supervising officials (denying Plaintiff's grievance in which he requested protective custody) and the alleged failure to protect.  Therefore, Plaintiff has failed to state a claim of deliberate indifference as to any Defendant.

Plaintiff has also failed to state an equal protection claim.  The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985).  In order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him.  *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986).  Plaintiff must also allege Defendants acted with the intent to discriminate against him.  *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987).  Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient.  GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff alleges Defendants' failure to place him in protective custody violated his equal protection rights.  However, his mere assertion that other inmates in confinement were there under protective custody is insufficient to show that these other inmates were placed there under circumstances similar to Plaintiff's.  The mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause.  *See* E & T Realty, 830 F.2d at 1113.  In short, Plaintiff sets forth no facts to support his allegation of an equal protection violation; rather, he simply makes the conclusory assertion that Defendants' failure to act as he requested violated his right to equal protection.

III.    CONCLUSION

Based on the foregoing, the court concludes that Plaintiff's allegations do not rise to the level of a violation of the Eighth Amendment or the Equal Protection Clause.  Therefore, he has failed to

state a claim for relief under § 1983.  This action should thus be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 5th day of October 2010.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**