IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE GRAHAM,
    Plaintiff,

vs.                                          Case No. 5:10cv27/RS/EMT

OFFICER M. NEEL, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1). Upon review of the complaint, the court determined that the facts as presented failed to support a plausible claim for relief under § 1983 as to one or more Defendants; therefore, the court directed Plaintiff to file an amended complaint (*see* Doc. 6). Plaintiff did so (*see* Doc. 7). Upon review, the court determined that the Amended Complaint again failed to state a plausible claim for relief; therefore, the court provided Plaintiff another opportunity to correct the insufficiency in a second amended complaint (*see* Doc. 11). Plaintiff filed a Second Amended Complaint (Doc. 13). Upon review, the court determined that the Second Amended Complaint still failed to state a plausible claim for relief; therefore, the undersigned issued a Report and Recommendation recommending dismissal of this action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (Doc. 18). Plaintiff has not filed objections to the Report and Recommendation, but he has now filed a Motion for Leave to File an Amended Complaint and a proposed Third Amended Complaint (Docs. 19, 20).

        Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Amendments Before Trial.**

>    **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
>    **(A)** 21 days after serving it, or
>
>    **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
>    (**2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). As previously noted, the instant amended pleading is not Plaintiff's first amended complaint, it is his third; therefore, he properly requested, and must obtain, permission from the court prior to its taking effect.

The Federal Rules of Civil Procedure provide that the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The law favors rulings on the merits rather than on the pleadings. Bank v. Pitt, 928 F.2d 1108, 1112 n.6 (11th Cir. 1991); Friedlander v. Nims, 755 F.2d 810, 813 & n.3 (11th Cir. 1985). Thus:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). However, a motion to file an amended complaint is properly denied where the new claims asserted would be subject to dismissal as a matter of law. *See* Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)).

In the instant case, Plaintiff's motion to amend should be denied as futile because the facts alleged in the Third Amended Complaint still do not state a plausible claim for relief. In Plaintiff's proposed amended complaint, he makes only one substantive change; he substitutes the Due Process Clause of the Fourteenth Amendment for the Eighth Amendment as the constitutional provision from which his failure-to-protect claims arise (*see* Doc. 19; *compare* Doc. 13 at 14 *with* Doc. 20 at

12). However, failure-to-protect claims brought by convicted prisoners (as opposed to pre-trial detainees) are properly brought under the Eighth Amendment. *See* Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Furthermore, it is well settled that if a constitutional claim is covered by a specific constitutional provision, such as the Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process under the Fourteenth Amendment. *See* County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted). Therefore, substantive due process analysis is inappropriate for Plaintiff's failure-to-protect claims; and his due process claim would be subject to dismissal. Accordingly, his motion to amend should be denied as futile, and his proposed Third Amended Complaint should not take effect. *See* N.D. Fla. Loc. R. 15.1 ("The proposed amended pleading shall not take effect unless and until the motion to amend is granted.").

Accordingly, it is **ORDERED**:

The clerk shall refer this Report and Recommendation to the District Judge <u>prior</u> to referral of the Report and Recommendation issued by the undersigned on October 5, 2010 (Doc. 18).

And it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 19) be **DENIED** and the proposed Third Amended Complaint (Doc. 20) not take effect.

At Pensacola, Florida, this <u>13th</u> day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**